# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| BRIAN THOLE,<br><br>    Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC., KAREN VIGURS-STACK, AND JOHN/JANE DOES 1-10,<br><br>    Defendants. | Civil Action No.<br><br><br>**DEFENDANTS' ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES** |

Defendants Nexstar Media Group, Inc. ("Nexstar")[1] and Karen Vigurs-Stack ("Defendants"), by and through undersigned counsel of record, hereby respond to the District of South Carolina's Local Civil Rule 26.01 Interrogatories as follows:

(A)     State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

        **ANSWER:**    **Defendants are not currently aware of any person or legal entity having a subrogation interest in any claim.**

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

        **ANSWER:**    **Plaintiff has requested a jury trial as to each of his claim. Jury trials are generally available for the claims alleged in the Complaint; however, to the extent Plaintiff seeks equitable relief, such claims should be tried and determined by the Court. Plaintiff is also not entitled to a jury trial on his putative claim for injunctive relief, nor on the issues of liquidated damages, attorneys' fees or costs, his entitlement to which Defendants deny, since those damages are to be awarded by the Court.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly

---

[1] Nexstar is improperly named in this action. Nexstar did not employ Plaintiff, who was, instead, employed by Nexstar Media Inc., a subsidiary of Nexstar.

        owned company in which the party owns ten percent or more of the outstanding shares.

        **ANSWER**: **Defendant Nexstar is publicly traded on the NASDAQ under the symbol NXST and does not have any parent corporation. Blackrock, Inc. owns more than 10% of Nexstar's stock. Though it is not a publicly traded company, The Vanguard Group, Inc. also owns more than 10% of Nexstar's stock. Defendant Nexstar does not own ten percent or more of the shares of any publicly owned entity.**

(D)    State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

        **ANSWER**: **Plaintiff initially filed this action in the Court of Common Pleas for Spartanburg County, South Carolina, and Defendants have removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.**

(E)    Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

        **ANSWER**: **Defendants are unaware of any other related matter filed in this District.**

(F)    If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

        **ANSWER**: **Defendant Nexstar is improperly named in this action. Defendants' counsel is authorized to accept service of an Amended Summons and Complaint correctly naming Plaintiff's actual employer, Nexstar Media Inc.**

(G)    If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

        **ANSWER**: **Defendants deny liability to Plaintiff on any claim and are not currently aware of any person or legal entity who is liable to either Defendants or Plaintiff for the claims asserted in Plaintiff's Complaint.**

(H)    In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party

or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER:**   Not applicable.

Dated: August 21, 2025

/s/ *William H. Foster*
William H. Foster, Bar No. 6221
bfoster@littler.com
Katie E. Towery, Bar No. 12861
ktowery@littler.com
LITTLER MENDELSON, P.C.
110 E. Court Street, Suite 201
Greenville, SC 29601
Telephone: 864.775.3190

*Attorneys for Defendants Nexstar Media Group, Inc. and Karen Vigurs-Stack*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served the foregoing via email and U.S. Mail upon Plaintiff using the address(es) provided below:

Rustin B. Duncan
rduncan@kinglawoffices.com
King Law Offices, PC
955 W. Wade Hampton Blvd, Ste 8A
Greer, SC 29650

*Attorney for Plaintiff*

      */s/ William H. Foster*
      William H. Foster

      *Attorney for Defendants*