IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Brian Thole,<br><br>Plaintiff,<br><br>v.<br><br>Nexstar Media Group, Inc.; Karen Vigurs-Stack; and John/Jane Does 1-10,<br><br>Defendants. | ) | C/A No. 7:25-cv-11285-DCC<br><br><br><br>**ORDER** |

This matter is before the Court upon Defendants Nexstar Media Inc.[1] and Karen Vigurs-Stack's (collectively, "Defendants") motion for summary judgment. ECF No. 38. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to United States Magistrate Judge Kevin F. McDonald for pretrial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that the Court grant Defendants' motion as to Plaintiff's Title VII retaliation claim and further recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. ECF No. 61 at 11. The Magistrate Judge further recommended dismissing the John/Jane Doe defendants

[1] Defendants have continuously maintained that "Nexstar Media Group, Inc. is improperly named in this [a]ction" and "Plaintiff was employed by Nexstar Media, Inc., a subsidiary of Nexstar Media Group, Inc." ECF No. 66 at 1 n.1.

from the action. *Id.* Plaintiff and Defendants filed objections to the Report and replies to the respective objections.[2] ECF Nos. 65, 66, 67, 68.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court will review the Report only for clear error in the absence of an objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks and citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided an adequate recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because objections were filed, the Court's review has been de novo.

***Title VII Retaliation and Federal Rule of Civil Procedure 56(d)***

[2] Plaintiff also filed an unauthorized sur-reply that did not conform with the Court's standing order on sur-replies. ECF No. 69. Nevertheless, out of an abundance of caution for a pro se plaintiff, the court has considered the document.

The Magistrate Judge recommended that the Court grant Defendants' motion for summary judgment as to Plaintiff's Title VII retaliation claim because Plaintiff was not engaged in protected activity, a required element for the claim. ECF No. 61 at 6–10; *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (providing the essential elements a plaintiff must show for a Title VII retaliation claim: "(i) that [he] engaged in protected activity, (ii) that [his employer] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity" (citation omitted)). Plaintiff does not specifically object to or dispute this finding. *See* ECF No. 65. Instead, Plaintiff objects to the Magistrate Judge's additional analysis as to the other elements for the retaliation claim, as Plaintiff contends those factors relate to the merits of his state law claims. *Id.* at 19–30. As Plaintiff has not put forward any additional evidence that he engaged in protected activity, the Court finds that summary judgment is appropriate as to the retaliation claim as explained herein and in more detail by the Magistrate Judge. *See Neal v. E. Carolina Univ.*, 53 F.4th 130, 144 (4th Cir. 2022) ("When there[ is] a failure of proof concerning an essential element of a plaintiff's case, summary judgment is appropriate regardless of [whether there is] evidence proving other elements of the claim." (citation and internal quotation marks omitted)). The Court does not reach the remainder of the Magistrate Judge's discussion of this claim.

The true basis of Plaintiff's objection centers on his outstanding argument/motion under Rule 56(d). *See* ECF No. 65; Fed. R. Civ. P. 56(d) (permitting a court to extend time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Plaintiff raised Rule

56(d) concerns for the first time to the Magistrate Judge on April 7, 2026. ECF No. 44. The Magistrate Judge did not rule upon the issue in the Report or otherwise address it. Regardless, based upon Plaintiff's own description of his Rule 56(d) argument, even if the information he seeks in his Rule 56(d) request was discovered, it would not change the fact that he was not engaged in protected activity as required to sustain a claim for retaliation under Title VII. By Plaintiff's own admission, his arguments under Rule 56(d) relate only to his state law claims. *See* ECF No. 65 at 11, 19, 29–30. As the Court explains in the following section, those claims shall be remanded to the state court for disposition. Accordingly, the Court denies Plaintiff's argument/motion under Rule 56(d) as futile on the Title VII claim.

***Supplemental Jurisdiction***

With the dismissal of Plaintiff's Title VII retaliation claim, only state law claims remain. Defendants object to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction on those claims. ECF No. 66. Plaintiff does not object to a remand to the state court but rather asks the Court to hold off on a decision until his Rule 56(d) argument/motion is resolved. ECF No. 65 at 18–19.

"[A] district court 'may decline to exercise supplemental jurisdiction' when it 'has dismissed all claims over which it has original jurisdiction.'" *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (quoting 28 U.S.C. § 1367(c)). The Court has "wide latitude" in determining whether to retain jurisdiction. *Id.* (citation omitted). With that said, the Fourth Circuit has explained that, "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation—e.g., at the summary-judgment stage—it should decline to exercise jurisdiction over any remaining pendent state law claims by

dismissing those claims without prejudice." *Id.* (citation and internal quotation marks omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

In this case, the Court adopts the Magistrate Judge's recommendation to decline supplemental jurisdiction. The Court recognizes Defendants' arguments for retaining jurisdiction, *see* ECF No. 66; however, this case was originally filed in state court and removed solely because of Plaintiff's Title VII claim. ECF No. 1. Given the lack of merit to that claim, the Court's dismissal of it, and Plaintiff's own emphasis on his state law claims, the Court finds the state court is the appropriate place for resolution of the remaining claims. *See, e.g.*, *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43–44 (2025) (explaining, where a state case was removed based on federal law claims, once the plaintiff "reconfigured her suit to make it only about state law . . . [,] the suit become one for a state court"). Accordingly, the remaining state law claims shall be remanded to the state court. Defendants' corresponding objections are overruled, and the Court declines Plaintiff's request to stay this decision.

***Dismissal of John/Jane Doe Defendants and Rule 56(d)***

Last, the Court addresses Plaintiff's objection to the Magistrate Judge's recommendation to dismiss the John/Jane Doe defendants listed in his suit. ECF No. 61 at 11. This recommendation is based on Plaintiff's failure to name or serve any John/Jane Doe defendants within the prescribed time as set forth in Federal Rule of Civil Procedure

4(m). *Id.* Plaintiff again bases his objection on Rule 56(d), claiming that the discovery he still seeks could potentially identify other defendants, and, thus, the dismissal is premature. ECF No. 65 at 13–16.

Rule 4(m) provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). The Court is only required to extend the time for service upon a showing of good cause from the plaintiff. *Id.*; *see also Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022) (explaining good cause must be shown to require the district court to extend the time of service, and, thus, absent good cause, the decision is discretionary). Plaintiff has failed to adequately name or identify any John/Jane Doe defendants, and it has been well over 90 days since Plaintiff filed this lawsuit. ECF No. 1. Plaintiff has also failed to show good cause to otherwise leave these unnamed defendants in the lawsuit, and the Court declines to allow any further time for service. Thus, the John/Jane Doe defendants are dismissed without prejudice.

In addition, and by Plaintiff's own characterization, the information Plaintiff continues to seek under Rule 56(d) is the same subject matter as a discovery dispute already ruled upon by the Magistrate Judge. *See* ECF Nos. 65 at 2–3; 67 at 2. Plaintiff initially raised the discovery dispute in a motion to compel on December 12, 2025. ECF No. 22. Part of the information Plaintiff sought in that motion related to any communications Defendant Vigurs-Stack had with "an employee(s) of the EW Scripps Company ("Scripps") regarding Plaintiff's 'behavior.'" ECF No. 22 at 7–8. The roadblock for Plaintiff is that the Magistrate Judge already ordered supplemental discovery on this issue, ECF No. 30, and then, upon another motion from Plaintiff, ECF No. 32, ruled that

the supplemental discovery subsequently filed by Defendants was adequate and declined to order any further discovery on the issue. ECF No. 41. After that ruling, Plaintiff filed his "Rule 56(d) DECLARATION," again seeking the same information regarding communications about his "behavior at Scripps." ECF No. 44. Plaintiff argues that despite the Magistrate Judge's rulings on this subject matter, he should be entitled to additional discovery based on deposition testimony given on March 4, 2026, about a month after the Magistrate Judge's initial ruling on the motion to compel. ECF No. 65 at 12–13. Despite the Rule 56(d) issue being raised, the Magistrate Judge did not rule on it in the Report.

To the extent Plaintiff's declaration under Rule 56(d) should be liberally construed as objections to the Magistrate Judge's prior order finding the supplemental discovery sufficient, ECF Nos. 41, 44, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a) (permitting a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters and providing the district court may modify or set aside any portion of the decision only if the decision is clearly erroneous or contrary to law). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's orders and all of Plaintiff's arguments/motions under Rule 56(d). ECF Nos. 30, 41, 44, 70. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Therefore, in addition to the Court's denial of Plaintiff's Rule 56(d) argument/motion as futile to his now-dismissed Title VII claim, the

Court rules that there shall be no further discovery based upon Rule 56(d) in this case. Accordingly, and as explained more herein, the John/Jane Doe defendants are dismissed without prejudice.

## CONCLUSION

Upon review, the Court agrees in part with the recommendations of the Magistrate Judge. The Court adopts the recommendation that summary judgment be granted as to Plaintiff's Title VII claim for failure to establish that he engaged in protected activity and the recommendation that the John/Jane Doe defendants be dismissed pursuant to Rule 4(m). The Report is modified to include the Court's discussion of the Rule 56(d) issue. Accordingly, Defendants' motion for summary judgment [38] is **GRANTED IN PART** as to Plaintiff's Title VII claim and **DENIED IN PART** without prejudice to reraise in the appropriate court with respect to Plaintiff's state law claims. The John/Jane Doe defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m). Plaintiff's Rule 56(d) declaration and motion [44, 70] are **DENIED** as set forth above. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and **REMANDS** them to the Spartanburg Court of Common Pleas.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 10, 2026
Spartanburg, South Carolina